12-3556-cv
Gannon v. United Parcel Service

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 16th day of July, two thousand thirteen.

Present:       ROSEMARY S. POOLER,
               RAYMOND J. LOHIER, JR.,
               SUSAN L. CARNEY,
                         *Circuit Judges*.
_____

MICHAEL GANNON,

                    *Plaintiff - Appellant*,


           -v-                                          12-3556-cv

UNITED PARCEL SERVICE,

                    *Defendant - Appellee*.
_____

Appearing for Appellant:       Walker G. Harman, Jr. (Peter J. Andrews, *on the brief*), The
                               Harman Firm P.C., New York, NY

Appearing for Appellee:        Kristine J. Feher, Greenberg Traurig, LLP, Florham Park, NJ

Appeal from the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

In this diversity case, Plaintiff-Appellant Michael Gannon seeks review of the district court's order granting summary judgment to Defendant-Appellee, United Parcel Service on his claim of age discrimination under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296. The district court determined Gannon failed to show a genuine issue of material fact existed as to whether UPS's stated reason for discharge was pretextual. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a district court's grant of summary judgment de novo, *Fabrikant v. French*, 691 F.3d 193, 205 (2d Cir. 2012), and we construe the evidence in the light most favorable to the non-moving party, drawing all inferences and resolving all ambiguities in his favor, *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011). Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of fact exists where "the record taken as a whole could [] lead a rational trier of fact to find for the non-moving party." *Durakovic v. Bldg. Serv. 32 BJ Pension Fund*, 609 F.3d 133, 137 (2d Cir. 2010) (internal citation, quotation marks, and brackets omitted). The non-moving party must present specific evidence demonstrating a genuine dispute, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), rather than mere "conclusory allegations" or "some metaphysical doubt as to the material facts." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 101 (2d Cir. 2010) (internal citation omitted).

Gannon's age discrimination claim under the NYSHRL is governed by the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this framework, "the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53 (1981). "[T]he defendant may rebut that showing by articulating a legitimate, non-discriminatory reason for the employment action." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000). "Upon the defendant's articulation of such a non-discriminatory reason . . . the presumption of discrimination arising with the establishment of the *prima facie* case drops from the picture." *Id.* The burden then shifts back to plaintiff to "come forward with evidence that the defendant's proffered, non-discriminatory reason is a mere pretext for actual discrimination." *Id.* To prevail on claims of age discrimination under the NYSHRL, plaintiff must meet his burden of showing a triable issue as to whether his age was a "but for" cause of her termination. *See Gorzynski*, 596 F.3d at 106 & n.6 (applying "but for" restriction on ADEA and NYSHRL claims).

Even assuming *arguendo* that Gannon met his initial burden of showing a *prima facie* case of discrimination existed, we conclude he failed to raise a question of fact as to whether UPS's legitimate, nondiscriminatory reason for termination was pretextual. As the district court acknowledged, it is undisputed that Gannon knowingly falsified time records of drivers he supervised, in violation of both UPS policies and Department of Transportation ("DOT") regulations. Gannon also admitted that he was fully aware of his obligation to report

2

misconduct, according to UPS's honesty policy, but said nothing about his manager's improper instructions until after the misconduct was discovered by UPS. Immediately thereafter on May 19, 2009 Gannon was terminated by Nava Gnessin, a Division Manager at UPS.

Despite Gannon's admitted dishonesty and UPS's legitimate, non-discriminatory reason for his discharge, Gannon contends that several disputed issues of material fact exist as to whether UPS's reason was pretextual including whether (1) he was "similarly situated" to three employees at a separate location, who also falsified time cards but were not terminated, (2) Gnessin was the sole decision-maker, in his termination decision (3) Gnessin instructed Gannon's Supervisor, Robert Miccarelli to falsify time cards, and (4) Gannon's peer review process was discriminatory. First, we conclude the district court correctly found Gannon was not similarly situated as a matter of law to the three employees who worked in a different division and were disciplined by a different division manager. Second, the record shows no genuine dispute exists as to whether Gnessin was the sole decision-maker, particularly where Gannon testified that Gnessin stated, "*I'm* terminating you," at his termination meeting and Gannon presented no evidence that the HR representative, present at the meeting, had any part in the termination decision. Third, regardless of what Gnessin told Miccarrelli, Gannon knowingly performed the edits in violation of UPS policy, and this issue is material only if we indulge Gannon's conclusory theory that Gnessin intended to fire older employees. *See Norton v. Sam's Club*, 145 F.3d 114, 119-120 (2d Cir. 1998) (stating conclusory theories will not raise a disputed issue of material fact).[1] Finally, the record shows that the changes made to the peer review process were made for a legitimate purpose, not aimed at Gannon. Accordingly, upon our de novo review, we affirm the district court's decision to grant UPS summary judgment on Gannon's discrimination claims where Gannon presented no disputed issues of material fact as to whether UPS's reason was pretextual.

Moreover, the fact that UPS presented evidence that at least three employees Gannon's age or older remained employed at his division, after being investigated for the same behavior, undermines Gannon's claim that age was the determinative factor in his termination. Finally, the fact that Gannon could not remember a single age discriminatory comment or incident in his nearly twenty-five years at UPS also weakens his claim that age was the 'but for' factor in his termination. *See Schnabel v. Abramson*, 232 F.3d 83, 91 (2d Cir. 2000) (stating one factor in favor of summary judgment was that the "plaintiff has failed to offer any evidence that he was subjected to any age-related comments or criticisms on the job"). In short, although we are careful about affirming a grant of summary judgment in discrimination cases where, as here, the merits turn on the employer's intent, where UPS presented a legitimate nondiscriminatory reason

---

[1] Moreover, in support of this theory, Gannon cites to an affidavit that was not submitted to the district court. Even if Gannon had moved to include the information under Federal Rule of Appellate Procedure 10(e)(2)(C), we could not consider this evidence, because he does not claim that it was omitted by mistake. Regardless, "a court of appeals may supplement the record to add material not presented to the district court" only "[i]n special circumstances." 16A Charles Alan Wright, Arthur R. Miller, et. al., *Federal Practice and Procedure*, § 3956.4 at 677 (4th ed. 2008).

for his termination and Gannon presented no evidence to show that UPS's reason for termination was pretextual, we conclude summary judgment was correct.

We have reviewed all of Gannon's remaining arguments on appeal and find them to be without merit.  Accordingly, we AFFIRM the order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk